# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SILAS BURGESS, III,

Appellant,

v.

UNITED STATES POSTAL SERVICE,

Agency.

DOCKET NUMBER
NY-0752-17-0068-X-1

DATE: November 9, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cassanova Hambrick, Clarkton, North Carolina, for the appellant.

Leslie L. Rowe, Esquire, New York, New York, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      On May 15, 2017, the administrative judge issued a compliance initial decision finding the agency in noncompliance with a settlement agreement that resolved the appellant's removal appeal. *Burgess v. U.S. Postal Service*, MSPB

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Docket No. NY-0752-17-0068-C-1, Tab 11, Compliance Initial Decision (CID). For the reasons discussed below, we now find the agency in compliance, DISMISS the petition for enforcement, and DENY the appellant's request for compensatory and consequential damages.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2 On March 29, 2017, the parties entered into a settlement agreement that resolved the appellant's removal appeal. *Burgess v. U.S. Postal Service*, MSPB Docket No. NY-0752-17-0068-I-1, Initial Appeal File (IAF), Tab 22. In a March 30, 2017 initial decision, the administrative judge dismissed the removal appeal as settled and entered the parties' settlement agreement into the record for enforcement purposes. IAF, Tab 23, Initial Decision (ID).

¶3 The appellant subsequently petitioned for enforcement of the settlement agreement, and on May 15, 2017, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the settlement agreement. CID at 1, 3-5. The administrative judge found that the agency failed to comply with a settlement agreement term requiring it to reinstate the appellant, effective April 1, 2017, to "his [Postal Service] Form 50 Assignment that was effectuated on August 27, 2011 at the FDR Parcel Post Annex with a schedule of 10:00 PM to 6:30 AM with Tuesday/Wednesday rest days." CID at 3-4; IAF, Tab 22 at 5. The administrative judge found that, although the agency reinstated the appellant, it failed to provide him with the work schedule and rest days required by the settlement agreement. CID at 2-4. She further found that the agency failed to comply with a term in the settlement agreement requiring it to provide the appellant with back pay.[2] CID at 4; IAF, Tab 22 at 5. The administrative judge ordered the agency to provide the appellant with back pay

---

[2] The settlement agreement did not require the agency to pay interest on the back pay, and accordingly, interest on the back pay is not at issue in this compliance matter. IAF, Tab 22 at 5.

and to assign him to a Supervisor, Customer Services (SCS) position at the FDR Parcel Post Annex with the work schedule and rest days required by the settlement agreement within 20 days of the issuance of the compliance initial decision. CID at 5.

¶4 On July 10, 2017, the agency submitted a response to the compliance initial decision. *Burgess v. U.S. Postal Service*, MSPB Docket No. NY-0752-17-0068-X-1, Compliance Referral File (CRF), Tab 4. The agency submitted evidence that, on July 7, 2017, it provided the appellant with $6,249.17 in back pay, and also submitted supporting documentation pertaining to the calculation of that back pay. *Id.* at 7-16. In addition, the agency submitted the appellant's time and attendance records, which reflected that, on June 14, 2017, the agency changed the appellant's schedule to place him in a position with a start time of 10:00 p.m. and an end time of 6:30 a.m., with rest days of Tuesdays and Wednesdays. *Id.* at 18-23. However, the specific position that the agency placed the appellant in was not apparent from those time and attendance records. *Id.*

¶5 The appellant submitted two pleadings in reply to the agency's response to the compliance initial decision. CRF, Tabs 6-7. He did not dispute that the agency provided him with back pay or contest the agency's calculation of that back pay. CRF, Tab 6 at 3, Tab 7 at 3. However, he generally asserted that the agency failed to assign him to the position required by the settlement agreement, although he did not set forth any specific factual allegations to support this claim. CRF, Tab 6 at 3, Tab 7 at 3.

¶6 On September 15, 2017, the Board issued an order directing the appellant to explain the basis for his contention that the agency failed to place him in the position required by the settlement agreement and to submit any evidence that he relied on in support of that contention. CRF, Tab 8 at 3. In response, the appellant submitted a pleading in which he asserted that, instead of placing him in the position required by the settlement agreement, the agency placed him "on an automation machine (ADUS Machine) that is a part of a pilot program that the

USPS has worked on for over three years that is domiciled at FDR Station." CRF, Tab 9 at 4.

¶7      On May 22, 2018, the Board issued an order directing the agency to submit additional evidence regarding whether it reinstated the appellant to the position required by the settlement agreement. CRF, Tab 12 at 3-4. In response, on June 1, 2018, the agency submitted the declaration of the Customer Services Manager for the agency's FDR Station, which encompasses the FDR Parcel Post Annex. CRF, Tab 13 at 6-7. The Customer Services Manager declared under penalty of perjury that, as of June 14, 2017, the agency reinstated the appellant to the same position that he held on August 27, 2011, which was an SCS position at the FDR Parcel Post Annex with a start time of 10:00 p.m. and an end time of 6:30 a.m., with rest days of Tuesdays and Wednesdays. *Id.* at 6. The Customer Services Manager further explained that the agency began using the ADUS machine on or about November 2014 and that supervising the ADUS machine had become a part of the duties of an SCS at the FDR Parcel Post Annex since that time.[3] *Id.* at 6-7.

¶8      In a June 19, 2018 reply to the agency's response, the appellant generally asserted that the agency failed to place him in the same "work assignment" that he held in August 2011, but he contended that he did not intend to seek further relief and requested that the Board dismiss his petition for enforcement. CRF, Tab 14 at 3.

---

[3] Neither the agency nor the appellant provided the Board with an explanation of what the acronym "ADUS" refers to, or what agency function the ADUS machine performs. CRF, Tab 9 at 4, Tab 13 at 6-7. However, according to various U.S. Postal Service websites and blogs, the abbreviation appears to refer to "Automated Delivery Unit Sorters," which are machines whose purpose is to try to expand package sorting capabilities. *See, e.g.*, U.S. Postal Service, Office of Inspector General, Audit Report, Report No. 20-095-R21, *Automated Delivery Unit Sorter Cost Savings* (Oct. 1, 2020), https://www.uspsoig.gov/sites/default/files/document-library-files/2021/20-095-R21.pdf.

¶9     The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). When an appellant alleges noncompliance with a settlement agreement, an agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id.* The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence. *Id.*

¶10    Here, the agency submitted evidence that it provided the appellant with the back pay required by the settlement agreement, and he does not dispute that the agency provided him with the correct amount of back pay. CRF, Tab 4 at 7-16. The agency also submitted evidence that it reinstated the appellant to the position and with the work schedule and rest days required by the settlement agreement. CRF, Tab 4 at 18-23, Tab 13 at 6-7. We find the appellant's allegations that the agency failed to reinstate him to the correct position to be insufficient to overcome the agency's evidence of compliance with the settlement agreement. The settlement agreement did not prohibit the agency from requiring the appellant to perform additional duties that had been added to his SCS position since August 27, 2011. IAF, Tab 22 at 5. In any event, the appellant—apparently agreeing with the agency regarding the changing nature of the agency's operations—has requested that his petition for enforcement be dismissed. CRF, Tab 14 at 3.

¶11    The appellant also has requested that the Board award him compensatory and consequential damages for the agency's breach of the settlement agreement. CRF, Tab 3 at 3, Tab 7 at 3, 7-8. The Board lacks authority to award damages for breach of a settlement agreement, and the agency is now in compliance with the settlement agreement. *See Principe v. U.S. Postal Service*, 101 M.S.P.R. 626, ¶ 3 (2006) (finding that the Board lacks authority to award damages for the breach of a settlement agreement). To the extent that the appellant requests that the Board

sanction the agency for its delay in complying with the settlement agreement, the Board lacks authority to impose sanctions once compliance has been obtained. *Bruton v. Department of Veterans Affairs*, 112 M.S.P.R. 313, ¶ 14 (2009).

¶12      Accordingly, for these reasons, we find that the agency is now in compliance with the settlement agreement and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for

                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.